ELLSWORTH *v.* ELLSWORTH.

4-3810

Opinion delivered May 13, 1935.

*Walter J. Hebert,* for appellant.

*J. S. Utley* and *C. T. Cotham,* for appellee.

MEHAFFY, J. This suit was begun in the Garland Chancery Court in July, 1929, by the Arkansas Trust Company against E. C. Ellsworth and his wife, and C. W. Dodson, to foreclose a deed of trust executed December 13, 1927, on the undivided one-fifth interest of E. C. Ellsworth in part of lot 1, block 156, Hot Springs Reservation in Garland County, Arkansas. The suit was for $1,000.

Numerous parties intervened, and there were complaints and cross-complaints and other pleadings. C. W. Dodson died, and the cause was revived against his estate, and Ann Pollard Dodson, as executrix of his last will and testament. Later Ann Pollard Dodson, as executrix, paid the claim of the Arkansas Trust Company and became subrogated to all the rights of the original plaintiff against E. C. Ellsworth and his undivided one-fifth interest in the lands described. Sarah E. Ellsworth died August 7, 1927. The property involved belonged to her, and she left a will giving the property to her heirs.

E. C. Ellsworth filed answer to the complaint of the Arkansas Trust Company, and a cross-complaint against the appellant and several others, including the People's Building & Loan Association of Little Rock, Arkansas. The People's Building & Loan Association had loaned the heirs of Sarah E. Ellsworth $1,500 on September 14, 1927, and another loan of $1,500 on September 11, 1928.

In this suit the People's Building & Loan Association filed answers and cross-complaints seeking to foreclose both of its mortgages. It alleged that it had a prior lien by reason of its first mortgage on the property, but that its mortgage of September 11, 1928, is subject to the lien of the trust company, now that of Ann Pollard Dodson, to the extent of an undivided one-fifth interest in said property, but prior to the liens of any other parties.

The appellant, Frank V. P. Ellsworth, filed answer and cross-complaint and claimed that the estate was indebted to him in the sum of $1,445.56; that he was the

duly appointed administrator of the estate of Sarah E. Ellsworth, deceased, and that the heirs of Sarah E. Ellsworth executed the mortgage to the building & loan association after said estate was opened, and he alleged that the real estate then was and now is an asset of the estate for the purpose of paying debts.

It would serve no useful purpose to set out the numerous parties and their claims because there is no appeal here except by Frank V. P. Ellsworth, who claims that he has a lien paramount to the lien of the building & loan association, and a paramount lien to that of Ann Pollard Dodson.

After hearing the evidence, the court entered a judgment in favor of the People's Building & Loan Association, foreclosing its first mortgage, and holding that it was a prior lien and also holding that the judgment of Ann Pollard Dodson was subject only to the judgment lien of the first mortgage of the building & loan association, and that the judgment under the second mortgage of the building & loan association was subject to the judgment of Ann Pollard Dodson. The court also held that the appellant had a claim, including interest, of $1,780.96, and that he had a lien paramount to the lien of the building & loan association, and Ann Pollard Dodson, for $147.90, $24.40 of which was expended by appellant as court costs, and $125.50 for administrator's commission.

The record shows that there is considerable personal property, but appellant claims that it has not been sold because there was an appeal from the probate court to the circuit court, and the cause has not yet been tried in the circuit court.

It is contended by the appellee that the personal property must first be sold and applied to the payment of the debts before the administrator can sell the real estate. And it is also contended that the appellant's claims were barred because they were not filed within the time allowed by law. We deem it unnecessary to discuss or decide either of these propositions. If the appellee's liens are paramount to the lien of the appellant, then it is wholly immaterial, so far as this case is concerned, whether the

liens were filed in time or not, and it is also immaterial whether the personal property should be sold.

Appellant first contends that large claims have been filed in the probate court, and that the personal property and funds are not sufficient to pay said claims if allowed. It is then argued that the lands of a decedent may be subjected to the satisfaction of his debts when the personalty is insufficient. We agree with appellant in this statement as a general proposition of law. But the undisputed proof in this case shows that the notes and mortgages to the building & loan association were signed by all the heirs, and they all became liable to the building & loan association for the two debts due it.

It is contended that an administrator who expends his own funds to pay charges against the estate is entitled to be subrogated to the rights of those paid for the collection of the amount so paid. He does not, however, become subrogated to the rights of any other person.

The record shows that the appellant himself made an affidavit, at the time the first loan was made by the People's Building & Loan Association, that there were no debts except the debts that this money was borrowed to pay. In other words, the first money borrowed from the People's Building & Loan Association was borrowed for the purpose of paying the debts of the estate. This first note and mortgage were executed and the money borrowed for the purpose of paying the debts. The record shows that, when the second money was borrowed from the building & loan association, the appellant and other heirs signed the note and mortgage, and stated at that time that there were no debts. The claims that were filed were filed the day after the second mortgage to the building & loan association, and were all claims by the heirs. There are no other claims. It therefore appears, and is undisputed, that the claims filed are filed by the persons who executed the note and mortgage, and who claimed at that time that there were no debts.

The record shows that the appraised value of the personal property left by Sarah E. Ellsworth was $1,105. The record also shows that there were notes due the estate from the heirs of $3,170. One of these notes for

$816 is due by the appellant, and it was appraised at $600. But, as we have already said, we think this is immaterial because the heirs, including the appellant, having signed the notes and mortgages, and claiming that there were no debts, are estopped from claiming any lien paramount to the liens of the building & loan association and Ann Pollard Dodson.

The appellant signed the mortgages, each of which contained a statement that the grantors were lawfully seized in fee, and that the property was free from all incumbrances.

"A person who assumes to convey an estate by deed is estopped, as against the grantee, to assert anything in derogation of the deed. He will not be heard, for the purpose of defeating the title of the grantee, to say that at the time of the conveyance he had no title, or that none passed by the deed, nor can he deny to the deed its full operation and effect as a conveyance." 21 C. J. 1067.

Moreover, our statute provides that, if one conveys real estate by deed, and shall not at the time of the conveyance have legal estate in such lands, but afterward acquires the same, the legal or equitable estate afterward acquired shall immediately pass to the grantee. Section 1498, Crawford & Moses' Digest.

Of course, if title acquired after the conveyance passes to the grantee, certainly the acquiring of any less estate would pass to the grantee. Persons cannot make mortgages of real estate warranting the title and warranting that there are no incumbrances and then claim a lien superior to the mortgagee. Besides these claims are all claims of the heirs of the persons who made the mortgages, and are liable for the debts created by the notes and mortgages and cannot acquire any lien superior to the mortgagee.

"Conforming to the general rule, a mortgagor is estopped to assert anything in derogation of the rights which the instrument purports to convey, as that he had no title at the time of executing the mortgage, that there is an outstanding title in a third person, that the estate mortgaged was other or less than an estate in fee simple, that the instrument was defectively executed, or

that the instrument, although running to the mortgagee, was in fact the property of a firm to which the mortgagee belonged." 21 C. J. 1068, 19 R. C. L. 395.

Where persons convey land to which they do not have a perfect title, and between the date of the conveyance and the acquiring of a perfect title, a judgment is rendered against the grantor, the title of the grantee is prior to the lien of the judgment. 21 C. J. 1077.

The heirs could, in no event, borrow money, execute note and mortgage warranting the title and warranting that there were no incumbrances, and then set up a claim of a lien paramount to that of the mortgagee, no matter how acquired. The appellant therefore had no lien paramount to the lien of the mortgagee and Ann Pollard Dodson for any of his claims. The court therefore erred in allowing him a paramount lien for $147.

The judgment will therefore be affirmed on appeal and reversed on cross-appeal with directions to allow this claim of $147 subject to the liens of Ann Pollard Dodson and the People's Building & Loan Association. It is so ordered.